# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                     **CRIMINAL NO. 2:19-CR-43-KS-MTP**

**DANNY TRAVIS**

<u>**ORDER**</u>

On December 5, 2019, Defendant Danny Travis pleaded guilty to possession of 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On June 16, 2020, the Court sentenced him to 5 years of imprisonment followed by 5 years of supervised release. This sentence was a significant downward departure from the Guidelines. On December 16, 2020, Defendant filed a Motion for Compassionate Release [62, 63] pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic, although he is not due to be released until March 2024.

First, to the extent Defendant seeks it, the Court does not have the authority to order home confinement. *See United States v. Sherrill*, 2021 WL 214684, at *3 (S.D. Miss. Jan. 21, 2021) (citing 18 U.S.C. § 3621(b); *United States v. Dysart*, 66 F. App'x 526, 2003 WL 21018298, at *1 (5th Cir. 2003)).

As for a reduction of Defendant's sentence, 18 U.S.C. § 3582 permits the Court to reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a

reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

The Sentencing Commission's guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. Sentencing Guidelines Manual § 1B1.13. The Sentencing Commission's application notes provide that an "extraordinary and compelling reason" exists if "[t]he defendant is suffering from a terminal illness . . . ." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n. 1(A)(i). Likewise, the standard is met if:

> The defendant is
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious function or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n. 1(A)(ii). The notes also

2

provide that certain circumstances related to the defendant's age and family circumstances can meet the standard. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(B)-(C).

The policy statement also contains a catch-all provision that the Bureau of Prisons may determine whether there is some other "extraordinary and compelling reason" other than those in subdivisions (A) through (C). U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(D). The Fifth Circuit has declined to weigh in as to whether the catch-all provision "delegates only to the Bureau of Prisons." *United States v. Thompson*, --- F.3d ---, 2021 WL 37493, at *2 n. 4 (5th Cir. Jan. 5, 2021). This Court, however, defers to the plain language of the policy statement, which delegates the authority to determine whether such "other reasons" exist to the Bureau of Prisons. *See, e.g. United States v. Garcia*, 457 F. Supp. 3d 651, 655-56 (C.D. Ill. 2020) (policy statement provision requiring "catch-all" to be determined by BOP was not overridden by First Step Act).

Defendant argues that the COVID-19 pandemic constitutes an extraordinary and compelling reason to reduce his sentence. He is currently incarcerated at FPC Montgomery. He alleges that, as of February 4, 2021, the facility had 4 confirmed active cases of COVID-19 among the inmates, 14 active cases among the staff, and 86 inmates and 2 staff having recovered. Defendant argues that he is unable to effectively avoid exposure to the virus because of the conditions of confinement in the facility, and that he is at a higher risk of death because he has preexisting medical

3

conditions, including hypertension and high cholesterol. He also argues that there is no substantial risk that he will engage in further criminal conduct or endanger any person or the public if he is released, citing his acceptance of responsibility, lack of prior felony convictions, and plan to live with his wife after release.

The Court finds that Defendant has not demonstrated that there is an "extraordinary and compelling" reason to reduce his term of imprisonment. Defendant has not articulated a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correction facility and from which he or she is not expected to recover." *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A). Courts in this Circuit have found that defendants who are not suffering from a terminal illness, a serious physical or medical condition that diminishes their ability to care for themselves, serious functional or cognitive impairment, or deteriorating physical or mental health because of aging do not meet the standard imposed by the Sentencing Commission's policy statements. *See, e.g. United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Washington*, 2020 WL 4000862, at *5 (E.D. La. July 15, 2020); *United States v. Clark*, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020); *United States v. Vasquez*, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020); *United States v. Johnson*, 2020 WL 3962284, at *3 (S.D. Tex. July 13, 2020); *United States v. Dodd*, 2020 WL 3893695, at *4 (E.D. Tex. July 10, 2020); *United States v. Reeves*, 2020 WL 3895282, at *3 (N.D. Tex. July 10, 2020); *Whirl*,

4

2020 WL 3883656 at *3. "Preexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020).

Additionally, Defendant's "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (citing BOP's COVID-19 Action Plan).

Agents witnessed Defendant sell over 1,300 grams of "ice" methamphetamine that, due to its purity level, was likely imported from outside the United States. Moreover, Defendant advised a confidential source that he could provide two more pounds of methamphetamine because his cousin, the supplier, had received a shipment. Although Defendant characterizes his conviction as a "non-violent drug offense," he was responsible for funneling large amounts of methamphetamine into the community, and Defendant has not demonstrated to the Court's satisfaction that he would not endanger the community by returning to his previous criminal activity if released.

In summary, the Court certainly takes the COVID-19 pandemic seriously, but

it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). The Courts that have granted compassionate release because of the pandemic "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe health concerns." *Thompson*, 2021 WL 37493 at *3. "Fear of COVID doesn't automatically entitle a prisoner to release." *Id.*; *see also Koons*, 2020 WL 1940570 at *5.

Defendant has only served approximately a third of his sentence, and he has not provided any good reason why he should not serve the rest – particularly in light of the substantial downward departure he received at sentencing. The BOP's response to the pandemic, outlined in detail in the Government's brief, is sufficient, given the circumstances and logistical issues presented by a prison environment. For all these reasons, the Court **denies** Defendant's Motion for Compassionate Release [62, 63].[1]

SO ORDERED AND ADJUDGED this 9th day of February, 2021.

/s/      Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[1] *See e.g. United States v. Brown*, 2020 WL 6833778 (5th Cir. Nov. 20, 2020); *United States v. Jackson*, 2020 WL 6702129 (5th Cir. Nov. 13, 2020); *United States v. Rivas*, 2020 WL 6437288 (5th Cir. Nov. 2, 2020).