# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                          **CRIMINAL NO. 2:19-CR-43-KS-MTP**

**DANNY TRAVIS**

## ORDER

On December 5, 2019, Defendant Danny Travis pleaded guilty to possession of 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On June 16, 2020, the Court sentenced him to 5 years of imprisonment followed by 5 years of supervised release. This sentence was a significant downward departure from the Guidelines. On December 16, 2020, Defendant filed a Motion for Compassionate Release [62, 63] pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic, although he is not due to be released until March 2024. The Court denied the motion on February 9, 2021.

On June 29, 2021, Defendant filed a Renewed Motion for Emergency Immediate Release [88], seeking reconsideration of the Court's previous order. First, Defendant argues that the arguments presented in his previous motion establish that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), citing his health conditions of obesity and hypertension. Defendant admits that he has already contracted and recovered from COVID-19. He contends that he has served enough of his sentence to receive compassionate release, and he notes his participation in RDAP

and classes while incarcerated.

First, to the extent Defendant seeks it, the Court does not have the authority to order home confinement. *See United States v. Sherrill*, 2021 WL 214684, at *3 (S.D. Miss. Jan. 21, 2021) (citing 18 U.S.C. § 3621(b); *United States v. Dysart*, 66 F. App'x 526, 2003 WL 21018298, at *1 (5th Cir. 2003)).

As for a reduction of Defendant's sentence, 18 U.S.C. § 3582 permits the Court to reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A). Among other things, Section 3553(a) provides that the Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court must also consider "the need for the sentence" to "reflect the seriousness of the offense;" "to promote respect for the law;" "to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014); *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

"Although not dispositive, the commentary to the United States Sentencing

Guidelines . . . informs" the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).[1] The Guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. "The comments to the U.S.S.G. provide four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)-(D) (2018)). "[T]he comments describe the circumstances in which a "medical condition" might be sufficiently serious to warrant release. That is limited to two circumstances: where the defendant has either a terminal illness or a condition 'that substantially diminishes the ability of the defendant to provide self care . . . ." *Id.* (citing U.S.S.G. § 1B1.13 cmt. n.1(A)).[2]

There is no consensus within the federal courts as to the precise definition of an "extraordinary and compelling reason" as contemplated by § 3582(c)(1)(A).

To be sure, courts around the country, in some exceptional cases, have

---

[1] *But see United States v. Shkambi*, --- F.3d ---, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021) (holding that neither the sentencing commission's policy statement nor its commentary are binding on the district court's disposition of an inmate's own motion under § 3582).
[2] The Fifth Circuit has declined to weigh in as to whether the catch-all "other reasons" provision "delegates only to the Bureau of Prisons." *Id.* at 433 n. 4.

> granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. Even where they have denied release, some courts have assumed that the pandemic, combined with underlying conditions, might be an extraordinary and compelling reason for compassionate release. But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.

*Thompson*, 984 F.3d at 434 (citations omitted). For example, this Court has repeatedly held that the risk posed by the COVID-19 pandemic, even when exacerbated by preexisting medical conditions, does not by itself constitute an "extraordinary and compelling" reason to reduce a sentence. *See, e.g. United States v. McAfee*, 2012 WL 1341865 (S.D. Miss. Apr. 9, 2021). Other courts in this Circuit have held the same. *See United States v. Griffin*, 2021 WL 1267794, at *2 (E.D. La. Apr. 6, 2021); *United States v. Alvarez*, 2021 WL 1270494, at *3-*4 (S.D. Tex. Apr. 6, 2021); *United States v. Gardner*, 2021 WL 1110298, at *3 (S.D. Miss. Mar. 23, 2021); *United States v. Richard*, 2021 WL 107207, at *2 (S.D. Miss. Jan. 12, 2021); *United States v. Jensen*, 2020 WL 6504670, at *3 (N.D. Tex. Nov. 5, 2020); *United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Gildner*, 2020 WL 4033003, at *1 (E.D. Tex. July 14, 2020).

In short, "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020). Moreover, a defendant's "general concerns about possible exposure to COVID-19 do not meet the

4

criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4; *see also Thompson*, 984 F.3d at 435. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020).

Accordingly, the Court finds that Defendant's purported health conditions and the COVID-19 pandemic do not, by themselves, constitute an extraordinary and compelling reason to reduce his sentence. *See, e.g. United States v. Brunt*, --- F. App'x ---, 2021 WL 1158154, at *1 (7th Cir. Mar. 26, 2021) (district court did not abuse its discretion in finding that health conditions, including sleep apnea, which placed inmate at higher risk from COVID-19 did not create an extraordinary and compelling reason for release); *United States v. Fleming*, 2021 WL 1165755, at *1 (N.D. Ohio Mar. 26, 2021) (health conditions, including sleep apnea, which placed inmate at higher risk from COVID-19 did not create an extraordinary and compelling reason for release). Moreover, the Court finds that the risk to Defendant is mitigated by the fact that he has already contracted and recovered from COVID-19.

The Court also finds that Defendant has not demonstrated that he would not present a danger to the community if released. Agents witnessed Defendant sell over 1,300 grams of "ice" methamphetamine that, due to its purity level, was likely imported from outside the United States. Moreover, Defendant advised a confidential

source that he could provide two more pounds of methamphetamine because his cousin, the supplier, had received a shipment. Although Defendant characterizes his conviction as a "non-violent drug offense," he was responsible for funneling large amounts of methamphetamine into the community, and Defendant has not demonstrated to the Court's satisfaction that he would not endanger the community by returning to his previous criminal activity if released.

Finally, the Court also finds that a reduction in sentence would not reflect the serious nature of Defendant's crime, provide a just punishment, or deter similar conduct in the future. *See* 18 U.S.C. § 3553(a)(2). As noted above, Defendant is not scheduled for release until March 2024. He has only served approximately two-thirds of a sentence that was already well below the applicable Guideline range.

In summary, the Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). The Courts that have granted compassionate release because of the pandemic "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe health concerns." *Thompson*, 984 F.3d at 434-35. "Fear of COVID doesn't automatically entitle a prisoner to release." *Id.*; *see also Koons*, 2020 WL 1940570 at *5.

For all these reasons and those provided in the Court's Order [80] of February 9, 2021, the Court **denies** Defendant's Renewed Motion for Emergency Immediate

6

Release [88].

SO ORDERED AND ADJUDGED this 1st day of July, 2021.

                                                /s/     Keith Starrett
                                                   KEITH STARRETT
                                  UNITED STATES DISTRICT JUDGE